# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JESUS JIMENEZ-SERRATO, | Criminal No. 02-30 (1) (JRT/FLN) |
| | Civil No. 04-4520 (JRT) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND** |
| | **ORDER DISMISSING MOTION** |
| UNITED STATES OF AMERICA, | **TO VACATE, SET ASIDE, OR** |
| | **CORRECT SENTENCE** |
| Respondent. | |

William G. Selman, **SELMAN LAW OFFICE**, 250 Second Avenue South, Suite 205, Minneapolis, MN 55401, for petitioner.

Jeffrey S. Paulsen, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNE**Y, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for respondent.

Jesus Jimenez-Serrato ("Serrato") was charged with conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) (Count I) and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and 18 U.S.C. § 2 (Count II), after police found packages of methamphetamine stashed in a water heater compartment of Serrato's trailer home in Willmar, Minnesota.  Following a jury trial, Serrato was convicted of Counts I and II.  Serrato also pleaded guilty to one Count of failure to appear in violation of 18 U.S.C. § 3146(a)(1) and 3146(b)(1)(A)(i) (Count III).  Serrato is presently incarcerated at the Federal Correctional Institution in Waseca, Minnesota where he is serving a sentence of

132 months imposed upon him by this Court on November 7, 2002.  On appeal, the Eighth Circuit Court of Appeals affirmed Serrato's conviction and sentence.  *United States v. Serrato*, 336 F.3d 713 (8th Cir. 2003).

This matter is before the Court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 brought by Serrato.  Serrato asserts a claim that his counsel was ineffective in that he 1) failed to adequately prepare for trial; 2) unreasonably advised Serrato to plead guilty; and 3) deprived Serrato of an opportunity to testify on his own behalf.

For the reasons discussed below, Serrato's § 2255 motion is denied.

## ANALYSIS

In order to prevail on a claim of ineffective assistance of counsel, Serrato must satisfy a two-prong test by showing that his "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *Garrett v. United States,* 78 F.3d 1296, 1301 (8th Cir. 1996).  Under *Strickland,* there is a presumption that the attorney's representation was competent and that the challenged decisions constituted permissible strategic and tactical choices of counsel.  466 U.S. at 689.  Therefore, Serrato must present a claim that sufficient evidence exists to rebut this "presumption of competence" on the part of his trial counsel.  *Id*.

Serrato first alleges that his counsel failed to adequately prepare for trial by failing to speak with potential witnesses identified by Serrato and that his counsel failed to call a

witness[1] at trial who would have confessed to owning the drugs found in Serrato's trailer. Serrato's attorney states in his affidavit that he personally inspected the trailer where the drugs were found and made efforts to locate the potential witnesses identified by Serrato, but found nothing of any exculpatory significance regarding Serrato's defense.  Serrato's attorney also attempted to call Serrato's brother, Luis Jimenez, to testify, but was informed that, if called, Jimenez would exercise his Fifth Amendment right not to testify. Based on the record, the Court finds that Serrato's attorney's decisions fall within the realm of reasonable trial strategy.  Furthermore, Serrato does not specifically name any witnesses that could have testified at trial, nor does he state what their testimony would have been.  Serrato's allegation that some unknown witnesses would have testified to some unknown information is not enough to show that "but for counsel's unprofessional errors, the result of the proceedings would have been different."  *Id.* at 694.  Therefore, Serrato fails to meet his burden with respect to this issue.

Serrato next alleges that his counsel was ineffective in that he attempted to pressure Serrato into making a guilty plea on the two drug related counts.  The Court finds that Serrato's argument is without merit because Serrato did not plead guilty.  It is the reasonable and responsible course of action for an attorney to advise a client as to the possible consequences of pleading versus going to trial.  Here Serrato chose to go to trial. Accordingly, the Court finds no error on this issue.

---

[1] Because Serrato does not specifically name any witnesses, the Court must assume that Serrato is primarily referring to his brother, Luis Jimenez, about whom there is significant discussion on the record.

Finally, Serrato claims that his counsel deprived him of the opportunity to testify on his own behalf. The record indicates that Serrato's counsel had discussions with Serrato about Serrato's desire to testify and his counsel's recommendation that he not do so. There is nothing in the record, however, to suggest that Serrato's counsel forced or coerced Serrato into not testifying. Serrato was present throughout proceedings and did not alert the Court to his desire to testify. *United States v. Bernloehr*, 833 F.2d 749, 752 (8th Cir. 1987) (stating that a defendant's silence at the time his counsel rests constitutes a waiver of the right to testify). Moreover, by failing to include in his petition what he would have testified to if he had been given the opportunity, Serrato fails to satisfy the prejudice prong of the *Strickland* test by showing that the outcome of the trial would have been different had he testified on his own behalf. *Id*. Accordingly, Serrato has failed to sustain his burden on this issue as well.

## CERTIFICATE OF APPEALABILITY

For purposes of appeal under 28 U.S.C. § 2253, the Court finds it is unlikely that some other court would decide the issues raised in this petition differently. For this reason, the Court concludes that Serrato has not made the required "substantial showing of the denial of a constitutional right" and accordingly declines to grant a certificate of appealability. 28 U.S.C. § 2253(c)(2).

## ORDER

Based on the foregoing, and all of the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Docket No. 81] is **DENIED**.

2.  The Court does not certify the issues raised in Serrato's motion for appeal under 28 U.S.C. § 2253(c)(1)(B).


DATED: July 6, 2005                      s/ John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                  United States District Judge